UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DEANDRE WARD,

        Defendant.

_____/

Criminal Case No. 22-cr-20133

Stephen J. Murphy
United States District Judge

David R. Grand
United States Magistrate Judge

**ORDER DENYING DEFENDANT'S MOTION FOR BOND (ECF No. 21)**

**Background**

On March 1, 2022, defendant Deandre Ward ("Ward") was charged in a criminal complaint with Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 1). The charges relate to an incident on February 23, 2022, when Ward took possession of a USPS Priority Mail Express parcel that was found to contain more than a kilogram of a fentanyl analog which agents estimated to be worth hundreds of thousands of dollars. (*Id.*).

Ward made his initial appearance on March 1, 2022, was appointed counsel – a member of the Federal Community Defender's Office ("FCDO") – and consented to detention the next day. (ECF No. 8). Ward has remained in pretrial detention ever since.

On March 9, 2022, Ward was indicted on a charge that he possessed with intent to distribute "at least 100 grams of a fentanyl analogue," in violation of 18 U.S.C. § 841(a)(1). (ECF No. 10). The nature and quantity of the narcotics involved meant that it carried a

mandatory minimum sentence of 10 years in prison. (*Id.*) (citing 18 U.S.C. § 841(b)(1)(A)(vi)). Ward was arraigned on the indictment on March 15, 2022, and signed an Acknowledgement recognizing that he would face a mandatory minimum sentence of at least 10 years in prison if he was convicted or pleaded guilty to the charge. (ECF No. 12). On June 30, 2022, still represented by the same FCDO counsel, Ward entered a guilty plea to the charge, and a sentencing date of September 29, 2022, was set.

On September 19, 2022, a stipulated order was entered adjourning Ward's sentencing date until January 5, 2023. (ECF No. 20). The basis for the adjournment was that Ward's original FCDO attorney retired, and a new FCDO attorney was appointed to represent him, but needed additional time to prepare for the sentencing. (*Id.*).

On November 7, 2022, Ward filed a Motion for Bond, requesting the Court to schedule a detention hearing. (ECF No. 21).[1] Other than asserting, "Mr. Ward now requests to exercise his right to have a detention hearing," Ward provided no details whatsoever as to why he believed it would be appropriate for the Court to release him on a bond while he awaited sentencing. Moreover, while Ward recognized that he had entered a guilty plea, he only referenced the statute applicable to pretrial detention hearings, generally – 18 U.S.C. § 3142 – which places the burden on the government to show detention is warranted, and did not reference 18 U.S.C. § 3143, which applies where the defendant has been convicted or entered a guilty plea and is "pending sentence." 18 U.S.C. § 3143. As discussed below, that statute flips the burden onto the defendant to show that

---

[1] This motion was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 23).

2

a bond is warranted, and, given the nature of the charge to which Ward pleaded guilty, adds additional burdens he must meet to secure a bond. On November 22, 2022, the government filed a response, and the Court held a detention hearing on December 6, 2022. For the reasons stated on the record and below, the Court will deny Ward's motion for bond.

**Applicable Standards**

18 U.S.C. § 3143 provides, in pertinent part:

(a) Release or Detention Pending Sentence. –

\* \* \*

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—

**(A)**
**(i)** the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

**(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

**(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

**Discussion**

As discussed above, there is no dispute that Ward pleaded guilty to "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," and thus the provisions of 18 U.S.C. § 3143(a)(2) apply. (ECF No. 10). Indeed, in this case, Ward acknowledged that the crime for which he was charged carried a *mandatory minimum* sentence of at least 10 years in prison. (*Id.*). Ward has

3

presented no basis for the Court to find that there is a substantial likelihood that a motion for acquittal or new trial will be granted, and the government has not recommended that no sentence of imprisonment be imposed. For those reasons alone, Ward is not entitled to a bond. 18 U.S.C. § 3143(a)(2).

Moreover, even looking separately at whether Ward has shown, by clear and convincing evidence, that he is not likely to flee or pose a danger to any other person or the community, the Court would find that he did not meet that stringent burden. As noted above, nothing in Ward's motion speaks to those issues. At the detention hearing, one focus of Ward's was attempting to explain his prior failure to appear in a state court criminal case. In February 2021, Ward was charged in state court with Felony Controlled Substance – Delivery/Manufacture Methamphetamine and Felony Weapons – Carrying Concealed. He was released on a bond, but failed to appear for his November 22, 2021 preliminary exam. At the detention hearing before the undersigned, Ward explained that he believed the preliminary exam was going to be held in person, but that when he arrived at court, he learned it was taking place by Zoom. Ward claims he was unable to return home in time to attend the video hearing. Not only is Ward's proffered explanation not strong evidence that the events occurred as alleged by Ward, but it is belied by the fact that Ward didn't promptly rectify the matter. Indeed, when Ward was arrested in this case on March 1, 2022, a warrant remained active for his failure to appear at the preliminary exam.

Ward also ignores that the very serious criminal conduct to which he has pleaded guilty in this case – possessing with intent to distribute a large quantity of a very dangerous controlled substance – occurred while he was on the state court bond. That Ward would

engage in that criminal conduct while on bond is strong evidence that he would remain a danger to the community if he were to be released pending sentencing, and it even more clearly belies Ward's burden to establish the opposite is true.

Ward also argued that he has mental health issues which he can better treat while out on bond than while in custody. However, Ward admits that he has been provided needed medications while in custody – whereas he had refused to take them when not in custody – and he presented no evidence to suggest his health is at risk if he remains detained pending sentencing.

Finally, Ward proffered that his mother is willing to serve as a third-party custodian and that he had some work history. However, the Pretrial Services Report from earlier this year indicates that Ward and his mother were "not on speaking terms," and that his mother did not wish to be a third-party custodian. Ward's work was also very limited – two months working for Door Dash, earning $650/month, and three months working at a McDonald's. While overall these considerations may be in Ward's favor, they are greatly outweighed by the other considerations discussed above.

In sum, Ward has failed to show, by clear and convincing evidence, that he is not likely to flee or pose a danger to any other person or the community.

**Conclusion**

For all of the reasons stated above, **IT IS ORDERED** that Ward's motion for bond **(ECF No. 21)** is **DENIED**.

Dated: December 7, 2022　　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Crim. P. 59(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. § 636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

s/Michael E. Lang
MICHAEL E. LANG
Case Manager

Dated: December 7, 2022